UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOBLE ISAIAH EL,

    Plaintiff,                                                               Civil Action No. 13-cv-10501
                                                                            HON. BERNARD A. FRIEDMAN

vs.

KICERA INCORPORATION, et al.,

    Defendants.
_____/

## ORDER OF DISMISSAL AND DENYING PLAINTIFF'S APPLICATION
## FOR A TEMPORARY RESTRAINING ORDER

    This matter is presently before the Court on its own review of the complaint. To borrow a phrase, the complaint is a "hideous sprawling mess," *In re Ocwen Loan Servicing*, 491 F.3d 638, 641 (7th Cir. 2007). Insofar as the Court can discern from the nearly incomprehensible language contained in the complaint, plaintiff is attempting to stay his eviction from a property located in Detroit, Michigan. The eviction proceeding is before the 36th District Court. Plaintiff also seeks to halt a pending foreclosure action on the same property. This suit is before the Wayne County Circuit Court. Plaintiff argues that the foreclosure action is improper because the subject property is owned by a Internal Revenue Code § 501(c)(3) tax-exempt organization. Plaintiff maintains that the Chief Judge of the Wayne County Circuit Court has no authority to entertain legal proceedings as he has not taken the appropriate oath of office. Plaintiff also urges this Court to grant his request for injunctive relief on the basis of his conclusory statement "[d]ue process violation federal title U.S.C. 556(d), 557 and 706 [sic]." The complaint references potential claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, however, the nature of this action and to whom it is directed against are wholly unclear.

In view of the foregoing, the Court has no subject matter jurisdiction and shall dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). The Court is without jurisdiction when, as here, "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) *citing Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974).

The Court also lacks jurisdiction because the complaint seemingly challenges several state court orders collaterally. The heart of the complaint appears to be plaintiff's displeasure with the order of eviction issued by the 36th District Court and an order of the Wayne County Circuit allowing the foreclosure of the subject property to go forward (none of which are attached to the complaint or the application for a temporary restraining order). Nonetheless, collateral attacks on state court decisions are barred by the *Rooker-Feldman* doctrine. As the United States Court of Appeals for the Sixth Circuit has explained:

> In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257. *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir. 2000). We refer to this doctrine as the *Rooker-Feldman* doctrine. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923). The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court." *Feldman*, 460 U.S. at 486; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001). In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

*Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936-937 (6th Cir. 2002) (footnote omitted).

Thus, plaintiff's attack on the state court orders is clearly barred by the *Rooker-Feldman* doctrine. If he wishes to challenge them, plaintiff must pursue whatever remedies are available to him in the state courts. Absent specific statutory authority, the United States District Court may not review state court orders.

Accordingly,

IT IS ORDERED that the complaint in this matter is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that plaintiff's application for a temporary restraining order is denied as moot.

Dated: February 13, 2013

s/ Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to parties of record on February 11, 2013 electronically and by U.S. mail.

s/ Michael Williams
Relief Case Manager to the Honorable
Bernard A. Friedman

3